UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

        Plaintiff,                    CIVIL ACTION NO. 06-CV-11111

v.                                   DISTRICT JUDGE PAUL V. GADOLA

JEFFREY JAMES, et. al.,       MAGISTRATE JUDGE DONALD A. SCHEER

        Defendants.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion to Dismiss should be GRANTED, as plaintiff has failed to exhaust his available administrative remedies.

\* \* \*

Plaintiff, while incarcerated at the Florence Crane Correctional Facility,[1] in Coldwater, Michigan was allowed to proceed *in forma pauperis* and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on March 15, 2006, against twelve prison officials employed by the Michigan Department of Corrections (MDOC), alleging that they had violated his federal constitutional rights as a result of various actions taken by them in connection with his incarceration. Plaintiff sought declaratory/injunctive relief as well as compensatory and punitive damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

---

[1]Plaintiff is still incarcerated at the Florence Correctional Facility.

EXHAUSTION OF REMEDIES AGAINST PRISON OFFICIALS

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In this case, Plaintiff has failed to exhaust his administrative remedies against defendants Caruso, Howes, White, Klee, Beckwith and Frey. The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching to his Complaint copies of any grievance decision demonstrating the "administrative disposition of his complaint." Brown, 139 F.3d at 1104. The prisoner must show that he has exhausted the administrative remedies with respect to each individual he intends to sue.

Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003). He must also administratively exhaust each claim as to each defendant.  Burton v. Jones, 321 F.3d 569, 574 (6th Cir.2003).  In the case of a mixed complaint, which contains both unexhausted and exhausted claims, the Sixth Circuit has ruled that total exhaustion of all claims is required under the PLRA.  Bey v. Johnson, 407 F.3d 801, 806 (6th Cir. 2005).

Plaintiff attached a number of prison grievances to his Complaint. While Plaintiff grieved about prison conditions, meals, work duties, religious hindrances, medical care and interference with his incoming mail, he did not specifically name Caruso, Howes, White, Klee, Beckwith or Frey in any of the thirteen grievances attached to his Complaint.  Thus, Plaintiff has failed to exhaust his administrative remedies as required by § 1997e(a). The PLRA clearly makes exhaustion as to each defendant and claim a pleading requirement, which cannot be cured later in the litigation. Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002).

Plaintiff has failed to show that he pursued grievances against these six defendants at all levels of administrative review, or that he was precluded from doing so. The time for proving exhaustion is when the original complaint is filed, and not thereafter.  As a result, this mixed Complaint should be dismissed on the basis of Plaintiff's failure to exhaust administrative remedies as to all twelve defendants. Brown v. Toombs, 139 F.3d at 1104; White v. McGinnis, 131 F.3d 593. 595 (6th Cir. 1997).

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: June 9, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on June 9, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 9, 2006.  **Joshua Copenhaver.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217
