UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

                          CIVIL CASE NO. 06-11111

        Plaintiff,

v.

                          HONORABLE PAUL V. GADOLA

JEFFREY JAMES et al,              U.S. DISTRICT JUDGE

        Defendants.
_____/

## ORDER HOLDING MOTION IN ABEYANCE

On March 15, 2006, Plaintiff filed a complaint seeking relief, pursuant to 42 U.S.C. § 1983, from officials of the Florence Crane Correctional Facility where Plaintiff is a prisoner. Plaintiff set forth numerous claims against Defendants relating to his treatment while incarcerated. Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure12(b)(6) on May 24, 2006. On that same date, this Court referred all pretrial matters to Magistrate Judge Donald A. Scheer.

After considering Defendant's motion to dismiss, Magistrate Judge Scheer recommended that the motion to dismiss be granted because Plaintiff had failed to fully exhaust his available administrative remedies as to some claims and as to some Defendants before filing his complaint. Following the Court of Appeals for the Sixth Circuit's opinion in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 1999), Magistrate Judge Scheer recommended that Plaintiff's "mixed" complaint be dismissed under the "total exhaustion" rule. *See Jones-Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 1999). This Court accepted and adopted the Magistrate Judge's Report and Recommendation on July 25, 2006.

On August 25, 2006, Plaintiff filed a motion for reconsideration. Plaintiff argues that this

Court improperly relied on *Jones-Bey* in following the "total exhaustion" rule. Plaintiff maintains that the Sixth Circuit explicitly overruled the total exhaustion rule, in favor of a partial exhaustion rule, in *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006). Plaintiff's argument in not without merit.

In *Jones-Bey*, the Court of Appeals for the Sixth Circuit recognized that the issue of whether a total or partial exhaustion rule applies has been a nettlesome one for this circuit and had caused a wide split among the circuits. *Jones-Bey*, 407 F.3d at 806. Consequently, considering the exhaustion question an open issue within this circuit, the Sixth Circuit held that the total exhaustion rule was the law of the Sixth Circuit. *Id.*

On June 9, 2006, however, the Sixth Circuit issued *Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006). Revisiting the partial or total exhaustion requirement, the Court stated:

> Our conclusion means that Spencer's complaint was "mixed," i.e., it included both exhausted and unexhausted claims. We are therefore confronted with an issue that has recently vexed this court: when a prisoner submits a mixed complaint, do we apply a rule of partial exhaustion that permits his exhausted claims to proceed or a rule of total exhaustion that requires the entire complaint to be dismissed? We faced a similar situation in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir.1999). There, the prisoner had exhausted his Eighth Amendment claim against three defendants but had failed to exhaust his claim against two others. *Id.* at 309. We dismissed without prejudice the unexhausted claims and reached the merits of the exhausted claims. *Id.* at 309-10. Of course, we would have been unable to reach the merits of the exhausted claims under a total-exhaustion regime, so a holding that a prisoner's exhausted claims survive the dismissal of any unexhausted claims was necessary to the result in *Hartsfield*.
>
> A panel of this court recently seized upon the implicit nature of this holding in deeming the issue "an open question in this circuit" even after *Hartsfield*. [*Jones-*]*Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir.2005), petition for cert. filed, 74 U.S.L.W. 3424 (U.S. Jan. 9, 2006) (No. 05-874). It then purported to "definitively answer" the question by requiring the total dismissal of mixed complaints. *Id.*; accord *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006). The Bey panel was apparently unaware, however, that we had already explicitly reaffirmed *Hartsfield's* implicit partial-exhaustion holding two years before *Bey* was decided. In *Burton v.*

> *Jones*, we explained that "the *Hartsfield* holding illustrates that a prisoner's lawsuit, which alleges multiple claims against multiple defendants, is not vulnerable to dismissal under § 1997e(a) simply because the prisoner has failed to exhaust a particular claim as to a specific defendant." 321 F.3d at 574 n. 2. In other words, there was no need for [*Jones-*]*Bey* to "definitively answer" the question, as *Hartsfield* and *Burton*, taken together, had already done so.

*Spencer*, 449 F.3d at 726.  The Court then, using the partial-exhaustion rule, ordered the district court to dismiss only those claims that were unexhausted.  The Court then considered the merits of Spencer's remaining exhausted claim.

Although *Spencer* would appear to settle the matter, it has only created more confusion in the courts of this circuit and in particular, this district.  *See McClendon v. Lafler*, No. 05-74795, 2006 WL 2792341 (E.D. Mich. Jul 31, 2006) (accepted and adopted by *McClendon v. Lafler*, 2006 WL 2827649 (E.D. Mich. Sep 27, 2006) (citing *Boling v. Oakland County Jail*, 2006 WL 581034 (E.D. Mich. Mar. 8, 2006) for the principle that the total exhaustion rule is still applicable and therefore applying total exhaustion)); *Alexander v. Jackson,* 440 F. Supp. 2d 682 (E.D. Mich. 2006) (accepting and adopting Report and Recommendation of Magistrate Judge Steven Whalen that, although disagreeing with the reasoning of *Jones-Bey*, applied the total exhaustion rule); *Gill v. Mathai*, No. 05-72712, 2006 WL 2796155 (E.D. Mich. Sep 27, 2006) (following partial exhaustion rule of *Spencer*); *Parker v. Cassa*, No. 06-10564, 2006 WL 2190521 (E.D. Mich. Aug. 1, 2006)(following *Spencer* and rejecting portion of magistrate judge's Report and Recommendation that followed the total exhaustion rule).

Although the exhaustion issue therefore remains a matter of dispute in this circuit, "Mercifully, the Supreme Court has granted certiorari to bring finality to the total exhaustion/partial exhaustion debate, which has consumed considerable judicial resources." *Beedle v. DeMasi*, No. 05-70430, 2006 WL 2700753, *4 (E.D. Mich. 2006) (referring to *Williams v. Overton*, --- U.S. ----,

126 S.Ct. 1463 (2006); *Jones v. Bock*, --- U.S. ----, 126 S.Ct. 1462 (2006)). More specifically, this Court notes that the Supreme Court heard oral arguments on both *Williams* and *Bock* on October 30, 2006. As a result, some clarification of the exhaustion issue is presumably imminent. Therefore, in light of the imprudent use of judicial resources already expended in this matter by Courts throughout this District, and because this Court does not desire to further complicate the instant matter in light of the impending ruling by the Supreme Court, the Court will hold Petitioner's motion for reconsideration in abeyance until after decisions by the Supreme Court in *Williams v. Overton,* --- U.S. ----, 126 S.Ct. 1463 (2006) and *Jones v. Bock*, --- U.S. ----, 126 S.Ct. 1462 (2006). Plaintiff will have sixty days after the filing of opinions in those cases to file supplemental briefing in support of his motion for reconsideration.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [docket entry 32] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Plaintiff shall **FILE** supplemental briefing in support of his motion for reconsideration, not to exceed **TEN (10)** pages in length, **WITHIN SIXTY (60) DAYS** after the Supreme Court's decision in *Williams v. Overton,* --- U.S. ----, 126 S.Ct. 1463 (2006) and *Jones v. Bock*, --- U.S. ----, 126 S.Ct. 1462 (2006).

**SO ORDERED.**


Dated:   December 18, 2006              s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   December 19, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                Christine M. Campbell                           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Joshua Copenhaver                                  .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845