UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

    Plaintiff,        CIVIL ACTION NO. 06-CV-11111

v.                             DISTRICT JUDGE PAUL V. GADOLA

JEFFREY JAMES, et. al.,    MAGISTRATE JUDGE DONALD A. SCHEER

    Defendants.
_____/

### REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF

This case comes before the Court on Plaintiff's Emergency Motion for Injunctive Relief. For the reasons stated below, I recommend that the motion be denied.

Plaintiff, while incarcerated at the Florence Crane Correctional Facility,[1] in Coldwater, Michigan was allowed to proceed *in forma pauperis* and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on March 15, 2006, against twelve prison officials employed by the Michigan Department of Corrections (MDOC), alleging that they had violated his federal constitutional rights as a result of various actions taken by them in connection with his incarceration. Plaintiff sought declaratory/injunctive relief as well as compensatory and punitive damages.

In a Report and Recommendation dated June 9, 2006, I recommended in that the Court dismiss the Complaint without prejudice for failure to exhaust administrative remedies. In an Order dated July 25, 2006, the Court adopted the Report and Recommendation and dismissed the Complaint for lack of exhaustion of prison administrative remedies (Docket #30). The Court also denied Plaintiff's Motion to Amend

---

[1] Plaintiff is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan.

the Complaint because the Prison Litigation Reform Act (PLRA) prohibited amendments to complaints that were deficient due to a failure to exhaust (Docket #31).

The Court subsequently vacated its determination to dismiss the Complaint following the Supreme Court's decision in Jones v. Bock, 127 S.Ct. 910 (2007) (Docket #37). The Supreme Court held that, while exhaustion is still a requirement to succeed on a claim, failure to exhaust administrative remedies is not a pleading requirement of the PLRA. Id. at 923, and that dismissal of the entire complaint is not appropriate when a prisoner fails to exhaust one of several claims within a complaint. Id. at 923-926. This cause was referred back to the Magistrate Judge for a determination on all pretrial matters, and for a Report and Recommendation on any dispositive motions relating to the remaining issues only. Plaintiff was allowed to file an Amended Complaint on June 22, 2007 (Docket #44). Defendants were given until July 22, 2007 to respond to the Amended Complaint. Plaintiff filed a Motion for an Emergency Injunctive Order on July 2, 2007, in which he asserted that prison officials were failing to provide him with free photocopies of unspecified material allegedly needed for pending dispositive motions. There are no dispositive motions pending.

In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." American Civil Liberties Union of Ky v. McCreary County, Ky., 354 F.3d 438, 445 (6th Cir. 2003)(quoting Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods., 134 F.3d 749, 753 (6th Cir.1998). Federal Rule of Civil Procedure 52(c) "requires a district court to make specific findings concerning each of these four factors, unless fewer are dispositive of the issue." See In re DeLorean Co., 755 F.2d 1223, 1228 (6th Cir. 1985).

In Elrod v. Burns, 427 U.S. 347, 373 (1976), the Supreme Court held that when reviewing a motion for a preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated. In other words, the first factor of the four-factor preliminary injunction inquiry--whether the plaintiff shows a substantial likelihood of succeeding on the merits--should be addressed first insofar as a successful showing on the first factor mandates a successful showing on the second factor-whether the plaintiff will suffer irreparable harm.

Following a review of the allegations in the Complaint, I am persuaded that plaintiff has failed to show a substantial likelihood of succeeding on the merits or that he will suffer irreparable harm. As an indigent prisoner, Plaintiff can apply for a photocopy loan to pay for the photocopying services. Policy Directive 05.03.115 (HH)  According to the policy directive, he must present documentation (i.e. court rule, copy of the pleading) to show that the copies are necessary for his lawsuit.

In the emergency motion seeking injunctive relief, Plaintiff failed to identify the documents he needed to photocopy. He also failed to demonstrate that the documents were in fact necessary for his lawsuit. As mentioned previously, Plaintiff has only recently filed an Amended Complaint, and Defendants have not yet responded.  At this early stage in the litigation, there are no dispositive motions pending.  Once the Defendants file an Answer to the Amended Complaint, a scheduling order will afford the parties time to engage in discovery. If Plaintiff cannot obtain documentation necessary for his lawsuit from prison officials, he can always file a motion to compel defendants to provide it to him.  As a result, Plaintiff has failed to provide specific facts from which the inference could be drawn that he is currently exposed to irreparable harm to the opportunity to present his case.  Plaintiff has also failed to demonstrate that the relief requested would serve the public interest. For all the reasons stated, I recommend that Plaintiff's Motion for Emergency Injunctive Relief be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on July 25, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 25, 2007. **Joseph Copenhaver.**

                                                  s/Michael E. Lang
                                                  Deputy Clerk to
                                                  Magistrate Judge Donald A. Scheer
                                                  (313) 234-5217