UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COPENHAVER,

    Plaintiff,                         CIVIL ACTION NO. 06-CV-11111

v.                                  DISTRICT JUDGE PAUL V. GADOLA

JEFFREY JAMES, et. al.,        MAGISTRATE JUDGE DONALD A. SCHEER

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Defendants' Motion for Summary Judgment should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights.

\*    \*    \*

Plaintiff, while incarcerated at the Gus Harrison Correctional Facility (ARF),[1] in Adrian, Michigan was allowed to proceed *in forma pauperis* and filed an Amended Complaint, pursuant to 42 U.S.C. § 1983, on June 22, 2007, against twelve prison officials employed by the Michigan Department of Corrections (MDOC), alleging that they had violated his federal constitutional rights as a result of various actions taken by them in connection with his incarceration. Specifically, Plaintiff alleges that he was harassed, threatened and intimidated by prison officials at the Florence Crane Correctional Facility (ACF) in Coldwater, Michigan. Plaintiff claims that Defendants' actions were motivated by discriminatory animus, based on his religious affiliation and physical and mental disabilities.

---

[1] Plaintiff is currently incarcerated at the Parnell Correctional Facility (SMT) in Jackson, Michigan.

Claiming violations of his federal constitution rights, as well as the protections afforded by the Americans with Disabilities Act and the Religious Land Use and Institutionalized Persons Act, Plaintiff sought court costs and declaratory and injunctive relief. He did not seek any monetary damages (See Amended Complaint at p. 19).

Defendants filed a Motion for Summary Judgment on July 19, 2007, arguing that all of Plaintiff's claims were moot and should be dismissed. Defendants point out that since Plaintiff is no longer housed at the prison where the alleged constitutional deprivations took place, injunctive relief is no longer needed and therefore must be denied as moot. Plaintiff filed a response to Defendants' Motion for Summary Judgment on July 25, 2007, claiming that his Amended Complaint also contained pendent federal issues that were not rendered moot by his prison transfer.

REQUEST FOR INJUNCTIVE RELIEF

Plaintiff's Amended Complaint seeks declaratory and injunctive against various officials at ACF, alleging that they harbored personal animosity against him due to his religion and mental disabilities. Plaintiff was transferred from ACF to the Gus Harrison Correctional Facility (ARF) in April 2007, and then to the Parnell Correctional Facility (SMT) in November 2007).

Any claim for declaratory and injunctive relief is moot in light of Plaintiff's transfer from ACF in April 2007. When a Plaintiff is no longer incarcerated in the institution where the alleged violations occurred, injunctive relief is no longer needed and therefore must be denied as moot. See Washington v. James, 782 F.2d 1134, 1137 (2d Cir. 1986) (noting that prisoner cannot maintain Section 1983 action for injunctive relief when he is no longer

incarcerated where alleged violations occurred). Injunctive and declaratory relief under § 1983 is not available to Plaintiff for claims involving any prison in which he is not confined.

AMERICANS WITH DISABILITIES ACT

Plaintiff contends that the combination of his physical and mental impairments rendered him disabled and entitled to the protections provided by the Americans with Disabilities Act (ADA). Under the ADA, a disability is defined as "a physical or mental impairment that substantially limits one of the major life activities of such individual." 42 U.S.C. 12132 (1990). It is insufficient for individuals attempting to prove disability status to merely submit evidence of a medical diagnosis of an impairment. Toyota Motors v. Williams, 534 U.S. 184, 198 (2002). Instead, a plaintiff must demonstrate how that impairment has significantly affected his life. Albertson's Inc. v. Kirkingburg, 527 U.S. 555, 566 (1999).

In the instant case, Plaintiff failed to demonstrate how his maladies substantially limited one or more of his major life activities. While Plaintiff claims that Defendants regarded him as disabled based on his impairments, he provides no details as to how he was discriminated against based on his perceived disability. Conclusory statements regarding alleged discrimination by prison officials, which are unsupported by specific facts, fail to raise a genuine issue of material fact and are insufficient to survive a motion for summary judgment. Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 69-70 (6th Cir. 1982). Plaintiff has not alleged sufficient facts to create a material question of whether he was disabled under the ADA, and summary judgment on those claims should be granted.

RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT

Plaintiff also maintains that prison officials deliberately prevented him from practicing his religion in violation of the Religious Land Use and Institutional Persons Act (RLUIPA). This federal statute provides that the government shall not impose a substantial burden on the religious exercise of a person residing in an institution unless the burden furthers a compelling state interest. 42 U.S.C. § 2000cc-1(a). Under the RLUIPA, a substantial burden must be more than an inconvenience of religious exercise. Rather, the challenged government conduct must impose a significantly greater restriction or onus upon such exercise. Guru Nanak Sikh Society of Yuba City v. County of Sutter, 456 F.3d 978, 988 (9th Cir. 2006).

Under this standard, Plaintiff's claim that prison officials harassed him based on his religious beliefs fails to state a claim for relief under RLUIPA. Mere verbal harassment does not embody the type of coercive pressure which amounts to a substantial burden on religious exercise. Rouse v. Caruso, 2007 WL 209922 at p. 6 (E.D. Mich 2007). Even though Plaintiff alleges misconduct on the part of prison officials at ACF, he makes no attempt to demonstrate how the misconduct was directed at him because of his religion.

Even if we assume for the sake of argument that the harassment experienced by Plaintiff satisfies the substantial burden test to state a claim for relief under RLUIPA, Defendants would still be entitled to summary judgment. This is because, as to the injunctive relief he sought, Plaintiff is no longer incarcerated at ACF, and is no longer subject to any real or imagined threats, intimidation, or harassment by the ACF staff. Furthermore, there is no indication that Plaintiff's transfer to SMT is temporary or that he

will return to ACF. Consequently, Plaintiff's request for an injunction that restrains ACF officials from violating his civil rights is moot and should be dismissed.

Because Plaintiff has failed to demonstrate that any of the named Defendants purposely imposed a substantial burden on his ability to exercise his religion during his imprisonment at ACF, and because Plaintiff is no longer confined in that institution, Defendants are entitled to summary judgment on the RLUIPA claim. Accordingly, Defendants' Motion for Summary Judgment should be granted and the Amended Complaint dismissed.

Even though Defendants James and Roth were never served, and are not properly before this Court, the Complaint should be dismissed against them as well. Plaintiff has failed to state a claim under §1983, the ADA or the RLUIPA. Therefore, Plaintiff's Motion for Alternative Service (Docket #47) should be denied.

Plaintiff's Motion for a Temporary Restraining Order (Docket #40) and Motion for a Declaratory Judgment (Docket #41) should be denied as moot since they relate to claims stated in the original Complaint, which was superceded by an Amended Complaint (Docket #44) seeking injunctive and declaratory relief. In a Report and Recommendation dated July 26, 2007, I recommended that Plaintiff's Motion for an Emergency Injunction (Docket #46) should be denied. The Report and Recommendation was accepted by the Court on August 28, 2007 (Docket #57). As a result, Plaintiff's subsequent Motion for a Temporary Injunctive Order (Docket #58) should be denied since it contained the identical facts and issues previously decided. Given this recommendation, Plaintiff's Motion for Appointment of Counsel (Docket #45) should also be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

                                 s/Donald A. Scheer
                                 DONALD A. SCHEER
                                 UNITED STATES MAGISTRATE JUDGE

DATED: November 21, 207

---

## CERTIFICATE OF SERVICE

I hereby certify on November 21, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 21, 2007. **Joshua Copenhaver.**

                                 s/Michael E. Lang
                                 Deputy Clerk to
                                 Magistrate Judge Donald A. Scheer
                                 (313) 234-5217